IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

DAVID H. ADAMS and Wife,
MARTHA D. ADAMS                                                                    PLAINTIFFS

VS.                                                         CIVIL ACTION NO.  2:07CV22KS-MTP

UNITED STATES OF AMERICA                                                   DEFENDANT

## MEMORANDUM OPINION AND ORDER

This cause is before the court on defendant's motion to dismiss plaintiffs' complaint. From its review of all matters made a part of the record of this case as well as applicable law, and being thus fully advised in the premises, the court FINDS that defendant's motion to dismiss is well taken and should be granted. The court specifically finds as follows:

### FACTUAL BACKGROUND

This action arises out of an automobile accident that occurred on November 2, 2003, when, according to plaintiffs, they sustained personal injuries when they were involved in a collision with an automobile being operated by Frances J. Garcia. Plaintiffs claim that the accident was caused by the negligence of Ms. Garcia. At the time of the accident, Ms. Garcia was driving a private vehicle insured by a private insurance company, U.S.A.A. Insurance Company ("USAA"), and was wearing civilian clothing. At this time, Ms. Garcia did not tell the plaintiffs that she was a federal employee.

After the accident, plaintiffs were contacted by USAA and carried on negotiations with USAA until hiring an attorney on August 18, 2006. Plaintiffs' attorney furnished medical

information requested by USAA. During the negotiations, no mention was made of Ms. Garcia being a government employee.

With settlement negotiations being at an impasse, plaintiffs filed a lawsuit for money damages against Ms. Garcia in the Circuit Court of the First Judicial District of Jones County, Mississippi (the "State Court Action") on August 22, 2006, approximately 34 months after the accident. Ms. Garcia filed an answer in the State Court Action on January 8, 2007. On January 31, 2007, the U.S. Attorney for the Southern District of Mississippi filed a certification with this court, pursuant to 28 U.S.C. § 2679(d)(2) and 28 C.F.R. § 15.4 (2006), that Ms. Garcia was acting within the scope of her employment with the U.S. government at the time of the accident.[1] On February 2, 2007, Ms. Garcia (represented by the U.S. Attorney) removed the case to this court, based on the fact that the Federal Tort Claims Act, 28 U.S.C.§ 2671 *et seq.* ("FTCA"), was the only viable cause of action available to the plaintiffs. Thereafter, on February 14, 2007, the United States moved to substitute itself for Ms. Garcia as the sole defendant in this action. That motion was subsequently granted by this court.

On March 2, 2007, the United States moved to dismiss the instant action pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, on the ground that this court lacks subject matter jurisdiction because defendant is immune from suit under the FTCA. Specifically, defendant argues that plaintiffs have failed to exhaust administrative remedies and failed to timely file suit. Plaintiffs oppose that motion and request that this court equitably toll the statute of limitations.

---

[1] At the time of the accident, Ms. Garcia was on active duty with the United States Air Force.

2

ANALYSIS

The doctrine of sovereign immunity bars suits against the United States unless there has been an express, clear and unequivocal waiver by the United States of its sovereign immunity. *Block v. N. Dakota, ex rel. Bd. of University & School Lands*, 461 U.S. 273, 287 (1983); *Boehms v. Crowell*, 139 F.3d 452, 462 (5th Cir. 1998). The terms of such consent establish the court's jurisdiction to entertain suit against the United States. *Lehman v. Nakshian*, 453 U.S. 156, 160-61 (1981); *Linkous v. U.S.*, 142 F.3d 271, 275 (5th Cir. 1998).

In the FTCA, the United States has waived sovereign immunity "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment ... under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b).

The FTCA contains a provision requiring that a party seeking to sue the United States under the FTCA first exhaust their administrative remedies before filing suit. Specifically, section 2675(a) provides in pertinent part:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by agency in writing and sent by certified or registered mail.

The FTCA also contains a statute of limitations provision that states that "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate

Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing...of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b).

Plaintiffs do not dispute that they never filed an administrative claim with the Air Force.[2] Nor do they dispute that they did not file their lawsuit within the FTCA's two-year statute of limitations. Plaintiffs argue, however, that this court should grant an equitable tolling of the statute of limitations because they "had no way of knowing that the tort-feasor was subject to the FTCA and were, in fact, misled through omission of her insurance carrier [USAA] to advise them of this."

The Fifth Circuit has held that a court may equitably toll the FTCA's statute of limitations in favor of the plaintiff "where the principles of equitable tolling would ordinarily apply." *Perez v. U.S.*, 167 F.3d 913, 917 (5th Cir. 1999); *see also Clymore v. U.S.*, 217 F.3d 370, 374 (5th Cir. 2000) (noting that the FTCA's limitations period is subject to equitable tolling); *Jones v. Gahn*, 246 F.Supp. 2d 622, 627 (S.D. Tex. 2003) (stating that "a plaintiff aggrieved by inequitable circumstances...can seek equitable tolling of the FTCA's statute of limitations."); *Bryant v. U.S.*, 96 F.Supp. 2d 552, 555 n.2 (N.D. Miss. 2000) ("[I]n appropriate circumstances the court can equitably toll the [FTCA's] two year statute of limitations."). The Supreme Court has summarized the doctrine of equitable tolling as follows:

> We have allowed equitable tolling in situations where

---

[2] In addition, Gene Kirschbaum, Chief, Claims and Tort Litigation Division, Air Force Legal Operations Agency, United States Air Force, submitted a Declaration in support of the motion to dismiss, in which he explained that he conducted an exhaustive search of Air Force tort claims records which revealed that no tort claim has ever been submitted to that agency by plaintiffs regarding the accident in question.

> the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights.... But the principles of equitable tolling described above do not extend to what is at best a garden variety claim of excusable neglect.

*Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990) (*cited in Perez*, 167 F.3d at 917).

At the time of the accident in question, Ms. Garcia was driving a private vehicle insured by USAA, a private company, and was wearing civilian clothing. Certainly, plaintiffs had no reason at that time to suspect that Ms. Garcia was a government employee, nor did she identify herself as such. Plaintiffs subsequently engaged in extensive settlement negotiations with USAA, during which plaintiffs furnished medical information to USAA. At no time during those negotiations was it ever disclosed to plaintiffs that Ms. Garcia was a government employee. After negotiations reached an impasse, plaintiffs then filed suit in state court. That suit was timely filed within Mississippi's general three-year statute of limitations period for personal injury actions. *See* Miss. Code Ann. § 15-1-49. It was only after plaintiffs filed suit - *i.e.*, after the FTCA's two-year statute of limitations had expired - that the United States and Ms. Garcia suddenly asserted that Ms. Garcia was a federal employee. The court finds these facts rise above the level of "a garden variety claim of excusable neglect," *Irwin*, 498 U.S. at 96, and that it would be fundamentally unfair to strictly apply the FTCA's statute of limitations. Accordingly, the court finds that the FTCA's two-year statute of limitations period should be equitably tolled to prevent plaintiffs from unjustly losing their claim. *See Perez*, 167 F.3d at 919.

However, as discussed above, plaintiffs have failed to exhaust their administrative remedies as required by 28 U.S.C. § 2675(a). Specifically, plaintiffs have failed to present their claim to the appropriate Federal agency - in this case, the United States Air Force. The Fifth Circuit has held that exhaustion of administrative remedies is a jurisdictional prerequisite to bringing suit under the FTCA and failure to comply with 28 U.S.C. § 2675 mandates dismissal of an action for lack of subject matter jurisdiction. *See*, *e.g.*, *Price v. U.S.*, 69 F.3d 46, 54 (5th Cir. 1995).[3] Accordingly, this action shall be dismissed without prejudice to plaintiffs' right to re-file the action if and when their claim is finally denied by the Air Force pursuant to 28 U.S.C. § 2675(a). Pursuant to 28 U.S.C. § 2679(d)(5), plaintiffs shall have sixty days from the date of dismissal of this action to present their claim to the Air Force.[4] When and if they receive a final denial of their claim, plaintiffs shall have six months from the date of mailing of that final denial within which to re-file this action. *See* 28 U.S.C. § 2401(b).

IT IS, THEREFORE, ORDERED AND ADJUDGED that defendant's motion to dismiss [# 13] is granted. Plaintiffs shall present their claim to the Air Force within sixty days of the date of this order, and plaintiffs' complaint is dismissed without prejudice to their right to re-file this action within six months from the date of mailing of final denial of their claim by the Air Force.

---

[3] Moreover, the purpose of the notice requirement is to "ease court congestion and avoid unnecessary litigation, while making it possible for the Government to expedite the fair settlement of tort claims asserted against the United States." *Adams v. U.S.*, 615 F.2d 284, 288 (5th Cir. 1980) (quoting legislative history).

[4] The safe harbor provision of 28 U.S.C. § 2679(d)(5) provides that where an action in which the United States has been substituted as the party defendant is dismissed for failure to exhaust administrative remedies pursuant to 28 U.S.C. § 2675(a), such a claim shall be deemed to be timely presented under 28 U.S.C. § 2401 if the claim would have been timely had it been filed on the date the underlying civil action was commenced, and the claim is presented to the appropriate Federal agency within 60 days after dismissal of the civil action.

IT IS FURTHER ORDERED AND ADJUDGED that all other pending motions, if any, are dismissed as moot.

SO ORDERED and ADJUDGED on this, the 16th day of May, 2007.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE